McInnis, Appellee, v. Hyatt Legal Clinics et al., Appellants.

[Cite as McInnis v. Hyatt Legal Clinics (1984), 10 Ohio St. 3d 112.]

(No. 83-449—Decided April 18, 1984.)

Mr. Donald C. Williams, for appellee.

Messrs. Gallagher, Sharp, Fulton & Norman, Mr. Burt J. Fulton and Mr. Thomas E. Dover, for appellants.

Per Curiam. Appellants argue that an attorney cannot commit legal malpractice when he complies with the notice provision of R.C. 3105.06, which pertains to service by publication.

An attorney may not be held liable for malpractice in doing that which the law requires in obtaining service of process. However, he is liable for effecting publication of appellee's pending divorce, which was contrary to the specific instructions of his client and the written assurance. This is especially vital where there was no further discussion with the client about the publication. As the court of appeals correctly stated, "[w]hen the defendant attorney elected to cause publication notice of the pendency of the instant divorce, without notice to his client, he disobeyed the lawful instruction of his

client, breached the terms of his employment agreement, and is culpable to the extent of losses following from his breach and acts." (Emphasis *sic*.)

In this latter regard, we point out that EC 7-8 of the Code of Professional Responsibility provides: "A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations. * * * [T]he lawyer should always remember that the decision whether to forego legally available objectives or methods * * * is ultimately for the client and not for himself. * * *"

Appellants further contend that there was an absence of expert testimony presented on the issue of malpractice and a cause of action is not set forth without such testimony. Generally, expert testimony would be required in regard to professional standards of performance. However, within the limited claim of unprofessional conduct complained of in the case *sub judice,* we do not deem such expert testimony to have been necessary. Here, the claimed breach of professional duty is well within the common understanding of the laymen on the jury.

Although the damages flowing from such alleged malpractice would seem to be nominal at best, it is conceivable that a jury, with appropriate instructions from the trial court, could find an amount of damages proximately caused by the attorney's actions.

Upon a motion for a directed verdict made pursuant to Civ. R. 50(A)(4), the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. If such view had appropriately been taken, we do not believe that upon the determinative issue of whether there had been a breach of the attorney's duties to his client, reasonable minds could have come to but one conclusion upon the evidence submitted, that such was adverse to the plaintiff. The evidence established that the attorney had in response to the expressed wishes and concern of the client made a written representation to the client that, "This will be in no paper."

The attorney should have informed his client of the legal necessity of the publication. The failure to do so gives rise to a jury question as to whether any damages flowed from the breach of such duty.

Based upon the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.