BURKE, Appellee,

v.

GAMMARINO, Appellant.

[Cite as *Burke v. Gammarino* (1995), 108 Ohio App.3d 138.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940719.

Decided Dec. 29, 1995.

*Al Gammarino, pro se.*

---

MARIANNA BROWN BETTMAN, Judge.

Defendant-appellant, Al Gammarino, is a real estate broker licensed by the state of Ohio. At a Hamilton County sheriff's sale in May 1986, Gammarino purchased property located at 2783 Shaffer Avenue ("Shaffer Avenue property") on behalf of himself and Mark Jansen. At the time of purchase, each of the men became half owners of the property.

In July 1986, suit was filed to set aside the sheriff's sale. Jansen retained plaintiff-appellee Daniel Burke, an attorney who had represented Jansen on ten to fifteen occasions, to represent both Gammarino's and Jansen's interests in the property. Burke had never represented Gammarino before, and Gammarino played no role in retaining Burke as counsel. The established billing arrangements between Burke and Jansen were such that Burke billed Jansen once, based on an hourly rate, at the end of each case or other representation. Burke testified that he and Jansen did not discuss the terms of Burke's fee at the beginning of the Shaffer Avenue property case because the hourly billing practice was well established.

Immediately following the hearing in the suit to set aside the sheriff's sale, which Gammarino and Jansen lost, Gammarino contends, Burke stated that he would appeal the case for ten percent of the net proceeds of the value of the property ($3,500), payable only in the event that Burke won the case. Aside from this conversation, Gammarino contends that he and Burke never discussed fee arrangement terms.

In February 1987, Gammarino bought out Jansen's interest in the property and "inherited" Burke as counsel. Over a five-year period, Burke represented both Jansen and Gammarino, and then just Gammarino, through three trials and two appeals. Ultimately, Burke succeeded in obtaining the Shaffer Avenue property for Gammarino. On September 4, 1991, Gammarino received a bill from Burke, based on an hourly rate, for over $10,000. Gammarino refused to pay.

Burke filed a complaint against Gammarino[1] in July 1992, demanding judgment in the amount of $10,045.60 for services performed, based on an hourly fee. In September 1992, Gammarino filed a counterclaim, charging Burke with malpractice. In April 1994, Gammarino filed an amended counterclaim that reiterated the claim of malpractice and added a claim that Burke's legal representation of Gammarino constituted consumer fraud. Gammarino endorsed a jury

---

1. In September 1993, Gammarino joined Jansen as a defendant.

demand on his amended counterclaim, specifying that he wanted a jury trial for the issues raised in his counterclaim. At the commencement of trial, the lower court denied Gammarino's jury demand and proceeded with a bench trial.

The trial court entered judgment for Burke in the amount of $10,045.60 plus interest, holding that Burke and Gammarino had entered into an agreement for legal services based on an hourly rate.[2] The court also entered judgment for Burke on Gammarino's counterclaims. It is from this judgment that Gammarino appeals, *pro se*.[3]

Gammarino's first assignment of error is stated as follows:

"The trial court erred to the prejudice of appellant by denying defendant appellant a right to a trial by jury."

Gammarino's amended counterclaim contained a request for a trial by jury for those issues raised in his amended counterclaim; however, Gammarino had no right to a jury trial because he failed to make a timely demand.[4] Civ.R. 38(B) provides that "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon other parties a demand therefor * * * not later than fourteen days after the service of the last pleading directed to such issue." Failure to make a timely demand amounts to a waiver of the right. Civ.R. 38(D). An amended pleading that raises no new issues does not renew a party's right to demand a trial by jury within fourteen days of serving the pleading. See *Ferguson v. Johnson* (1984), 15 Ohio App.3d 143, 15 OBR 235, 473 N.E.2d 56.

In his original counterclaim, filed September 28, 1992, Gammarino asserted one count of attorney malpractice against Burke. In his amended counterclaim, filed in April 1994, Gammarino repeated his claim of attorney malpractice and added a claim of consumer fraud, contending that Burke violated the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.* This Act, however, does not apply to transactions between attorneys and their clients, and Gammarino's reliance on it was completely misplaced. R.C. 1345.01(A). The trial court correctly determined that the consumer fraud claim raised no legally cognizable issues and, consequently, was not triable under Ohio law. Without Gammarino's counterclaim of consumer fraud, the only counterclaim that remained in Gammarino's amended pleading was that of attorney malpractice, which was raised for the first time in September 1992. Since Gammarino failed to request a trial by jury

---

2. Gammarino prevailed on a cross-claim for indemnification from Jansen for the full amount of the judgment, costs, and attorney fees.

3. No brief was filed and no one appeared at oral argument on behalf of appellee.

4. Since Gammarino specified certain issues to be tried by a jury, he waived his right to a jury trial on all other issues. Civ.R. 38(C).

within fourteen days of filing his original counterclaim, he waived his right to a jury trial. Gammarino's first assignment of error is without merit.

Gammarino's second assignment of error is stated as follows:

"The trial court erred to the prejudice of appellant-defendant in denying his counterclaims against appellee for legal malpractice and being against the weight of the evidence presented in accordance with R.C. 2305.11(A)."

This court will not reverse a judgment as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. On the state of this record, we hold that the whether the weight of the evidence was sufficient to support the judgment of the lower court is not a material issue because Gammarino failed to meet his burden of proof for both of his counterclaims.[5]

Gammarino raised two counterclaims in his amended complaint: attorney malpractice and consumer fraud. As discussed above, Gammarino had no cause of action for consumer fraud arising under the Ohio Consumer Sales Practices Act because the Act does not apply to the attorney-client relationship. R.C. 1345.01(A). Consequently, judgment for Burke on this counterclaim was proper as a matter of law.

Judgment for Burke on Gammarino's counterclaim of attorney malpractice was also correct. The elements of a legal malpractice claim are (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus. Expert testimony is generally required to support allegations of professional malpractice. Cf. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 130, 75 O.O.2d 184, 186, 346 N.E.2d 673, 676–677. The only exception to this rule is where the breach and damages flowing from the breach are so apparent as to obviate the need for expert testimony. *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 113, 10 OBR 437, 438, 461 N.E.2d 1295, 1297.

In the present case, Gammarino's allegations of malpractice were unsupported by any expert testimony on a claim where such testimony was necessary. Among other things, Gammarino's amended complaint contained allegations that Burke

---

5. Gammarino has failed to demonstrate any error relating to R.C. 2305.11(A). R.C. 2305.11(A) provides that certain malpractice actions are governed by a one-year statute of limitations. The record is void of any indication that R.C. 2305.11(A) was relevant to the lower court's decision. Nevertheless, we will address the merits of this assignment of error to the extent possible.

should have filed a motion to intervene, should have appointed a receiver for rents due on the Shaffer Avenue property, and should have filed certain cross-claims. It is clear that the alleged malpractice was not so obvious as to relieve Gammarino of the burden of establishing his malpractice claim through expert testimony demonstrating that Burke's conduct fell below the appropriate standard of care. The only expert called was Burke's expert witness, who testified that Burke breached no duty owed to Gammarino.

Since Gammarino failed to meet his burden of proof for both of his counter-claims, the trial court correctly entered judgment against him. Gammarino's second assignment of error is without merit.

Gammarino's third assignment of error is stated as follows:

"The trial court erred to the prejudice of appellant by granting a judgment against appellant based on an hourly rate for legal services, of which was [sic] conflicting and contrary to the weight of the evidence."

It is a well-settled rule that "[o]n the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. As discussed above, this court will not reverse the judgment of the lower court as being against the manifest weight of the evidence provided that the judgment is supported by some competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co., supra*, 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

At trial, the parties did not dispute that Burke and Gammarino entered into a contract for legal services, but did dispute the terms of the fee arrangement. The evidence presented regarding the type of fee arrangement that the parties agreed to was conflicting. Gammarino testified that Burke agreed to represent him on a contingency-fee basis. Burke testified that he entered into an arrangement to represent Gammarino and Jansen based on an hourly fee, as had been the arrangement between Burke and Jansen on prior occasions. Gammarino conceded that he had hired a number of real estate attorneys in the past and that each of these attorneys had billed him by the hour. The trial court determined that the actions of Gammarino and Burke were consistent with an agreement whereby Burke agreed to provide legal services to Gammarino payable on an hourly rate. Since Burke produced competent, credible evidence that he and Gammarino entered into an hourly fee agreement and since the credibility of witnesses is primarily for the trier of fact, we will not disturb the trial court's decision. Gammarino's third assignment of error is without merit.

Gammarino's fourth assignment of error is stated as follows:

"The trial court erred to the prejudice of appellant by accepting the testimony of Robert Hines, as an expert witness, when in fact this witness was not involved in the prior cases of appellant nor did this witness inspect nor review the files, motions, or billing."

■ A ruling concerning the admission of expert testimony is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Hipkins* (1982), 69 Ohio St.2d 80, 23 O.O.3d 123, 430 N.E.2d 943; *Fulton v. Aszman* (1982), 4 Ohio App.3d 64, 4 OBR 114, 446 N.E.2d 803. An abuse of discretion "implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable." *Ruwe v. Bd. of Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959. In the present case, the lower court did not abuse its discretion.

■ Burke's expert witness, G. Robert Hines, was properly qualified. A witness may testify as an expert where he or she possesses specialized knowledge, experience, training or education which will be helpful to the trier of fact in understanding the evidence. Evid.R. 702; *State v. Gaines* (1992), 82 Ohio App.3d 467, 470, 612 N.E.2d 749, 751–752. Hines is an attorney who has been practicing law since 1975. He devotes nearly sixty percent of his practice to real estate, has lectured extensively in the area of real estate law, and has been qualified as an expert in the area of real estate law in a number of other cases. It is clear that Hines possessed specialized knowledge regarding the practice of real estate law, including billing practices, and the trial court's decision to permit him to testify as to the reasonableness of Burke's fees was not an abuse of discretion.

■ There is no requirement that an expert witness "be involved" in a matter in order to testify about it. An expert may base an opinion on facts or data admitted in evidence at the hearing. Evid.R. 703. After the underlying facts or data in a case are disclosed, Evid.R. 705 permits an expert to testify in terms of an opinion and to give the reasons upon which the opinion is based. The record reflects that Hines was personally involved in some of the legal controversy surrounding the Shaffer Avenue property as attorney for one of the parties claiming an interest in the property adverse to Gammarino's interest. The record also reflects that Hines gave his opinion only after the necessary underlying facts and data in the case were disclosed, and that Hines personally reviewed Burke's bill and other relevant documents.

Since Hines was properly qualified as an expert witness, and since the proper foundation was laid for his testimony, it is clear that the lower court did not abuse its discretion in allowing Hines to testify as an expert. This assignment of error is overruled.

In sum, we hold that all four of Gammarino's assignments of error are without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., and PAINTER, J., concur.