OPINION
Plaintiff-appellant, William C. Lewis, appeals a decision of the Clinton County Court of Common Pleas granting summary judgment to defendant-appellee, J. Michael Dobyns. Appellant filed a complaint alleging that appellee committed legal malpractice while representing him in Sabina Bank v. Lewis (Jan. 21, 1994), Clinton Cty. C.P. No. 93-CVH-370, unreported. We reverse the trial court's decision and remand the case for further proceedings.
Appellant hired appellee on October 25, 1993, to represent him in a foreclosure action filed by Sabina Bank ("Sabina"). Sabina held the mortgages for four properties owned by appellant. Appellant had been delinquent in his payments, and Sabina filed suit against appellant claiming that appellant was delinquent and in default on the mortgages. Appellant claims that Jeffery Wright, an attorney for Sabina, told him that Sabina did not want to foreclose on the properties, but instead wanted to work out a settlement.
In December 1993, appellant received notification that he had been awarded a contract by the State of Ohio to service vending machines along the interstate highway system. Appellant felt that this information would be important to relate to Sabina because the new contract would provide cash flow enabling appellant to make payments to Sabina. Appellant contacted Sabina and was informed by one of its officers that it was inappropriate for Sabina to discuss matters involving legal issues directly with him. The officer added that Sabina was hopeful in resolving the matter. The bank officer suggested that appellant contact his attorney, and then have his attorney contact Sabina's attorney.
Appellant alleges that on December 17, 1993, he informed appellee's secretary that he wanted appellee to inform Sabina that he had received the contract from the state of Ohio. Appellant told the secretary that he felt that the new information would be beneficial to encourage a settlement with Sabina and he wanted appellee to "immediately follow through on this matter." Appellant claims that appellee did not inform the bank and appellee does not deny this allegation.
Sabina filed a motion for summary judgment which was received by appellee on January 4, 1994. Appellee failed to respond to the summary judgment motion, and on January 21, 1994 the Clinton County Court of Common Pleas granted summary judgment in favor of Sabina and against appellant. The court ordered appellant to either pay the past due amount on the mortgage balances in three days, or the properties would be sold at a sheriff's auction. Appellant claims that he was not informed of the judgment until after February 2, 1994. Appellant's four properties were subsequently sold at a sheriff's auction on March 25, 1994.
Appellant filed a legal malpractice claim against appellee on January 20, 1995. Appellant claimed in his complaint that appellee failed to adequately represent him. Appellant alleges that appellee failed to inform him of the pending summary judgment motion, and did not inform Sabina of the new contract. As evidence, appellant submitted a letter from appellee dated January 26, 1994, informing appellant of the judgment against him. He also included an envelope mailed from appellee's law firm that is postmarked on February 2, 1994. Because of appellee's actions, appellant claims to have "lost valuable real estate," that his "estate has been severely damaged, and [that] he has incurred further losses and expenses." Appellant also states in an affidavit that "the foreclosure action caused my real estate to be sold at a sheriff's auction."
Appellee responded by denying that he had failed to inform appellant of the judgment entry granting summary judgment to Sabina. Appellee also denied mailing the letter on February 2nd, and denied not contacting appellant about the judgment until January 26th. Appellee does admit that appellant had left a message with his secretary regarding the new contract, but denies that it would have had the beneficial effect of stopping the foreclosure proceedings. Appellee does not deny that he failed to inform Sabina of the new contract. Appellee argues that appellant did not suffer any damages because of appellee's alleged negligent acts.
Appellee filed a motion for summary judgment on June 12, 1995. The motion was denied by the court because the court found that appellee had not met his burden of proving that there were no genuine issues of material fact. Appellee filed a second motion for summary judgment on April 26, 1996. In the second motion, appellee claimed that appellant could not prove a breach of duty and that there were no damages proximately caused by the alleged breach. Appellee submitted the deposition of Donald Weckstein, an attorney, to show that appellant could not produce any evidence regarding proximate cause and damages. Weckstein would have testified as appellant's expert witness about how appellee committed legal malpractice resulting in damage to appellant. In the following excerpts from the deposition, appellee's counsel questions Weckstein:
 Q. Let's assume that Mr. Dobyns would have informed counsel for the Sabina Bank in December of 1993 that Mr. Lewis had been awarded a contract from the State of Ohio. Do you have an opinion as to whether this information would have had any impact upon the pending foreclosure action?
* * *
 A. My opinion is that if the Sabina Bank was aware that there was a source of funds with which to make the necessary payments pursuant to the promissory notes, that the bank very well may have proceeded differently than it apparently did in the foreclosure action.
 Q. What you're saying is that the bank may have proceeded differently but you don't know as to whether or not the bank would have in fact done anything differently?
 A. I would have no way of knowing whether they would have done any differently.
* * *
 Q. Do you have any knowledge or information in regards to any reports [sic] that Mr. Lewis may have made to sell those properties prior to them being foreclosed upon?
 A. My recollection is that Mr. Lewis indicated to me that he was making attempts to sell one or more properties in order to release the equity that he had in those properties and thereby freeing funds to pay Sabina Bank.
* * *
 Q. Now Mr. Weckstein, is it your sole opinion in this case that Mike Dobyns deviated from acceptable standards of care in his representation of Mr. Lewis as a result of his failure to have communicated this information in regards to the contract to counsel for the bank?
 A. It is my opinion that Mr. Dobyns did not rise to the standard set forth in this particular canon of professional responsibility [DR 7-101] by failing for whatever reason to relay information to the Sabina Bank.
* * *
 Q. Well, do you have any opinions in regards to Mr. Dobyns' alleged failure to have provided Mr. Lewis with regard to the pending judgment decree?
* * *
 A. [My] opinion is that that would be a duty of the lawyer to a client to keep the client fully informed of the progress of the matter that the attorney was handling for the client.
 Q. And what is your understanding if any, of any consequences that may have resulted from the alleged failure of Mr. Dobyns to have informed Mr. Lewis of the pending judgment decree in the Sabina Bank matter?
 A. To the extent that Mr. Lewis would have been able to take any action that deterred Mr. Lewis from being able to do so by virtue of the lack of his knowledge.
* * *
 Q. Mr. Weckstein, do you have an opinion of what damages, if any, Mr. Lewis may have sustained as a result of this alleged failure on the part of Mr. Dobyns to have transmitted this information to the official at Sabina Bank in December of 1993?
 A. Not being privy to any of the dollar values or amounts involved in the foreclosure action, I do not have an opinion.
 Q. Do you have an opinion as to any damages of any type that you believe Mr. Lewis may have sustained as a result of any action or inaction on the part of Mike Dobyns during the course of his representation of Mr. Lewis other than that which relays that Mr. Dobyns' alleged failure to have transmitted information to Sabina Bank in December of 1993?
A. I do not.
Because Weckstein could not testify that Sabina "would have proceeded differently," appellee argued that there were no genuine issues of material fact. Appellee also pointed to Weckstein's testimony to prove that appellant made no claim of damages.
Appellant responded to appellee's motion for summary judgment by claiming that proximate cause and damages had already been demonstrated. Appellant also claimed that Weckstein's testimony helped prove proximate cause, and that the issue of damages should be left to the trier of fact.
The trial court granted summary judgment on July 11, 1996. The court found that "there are no genuine issues of material fact for trial and, therefore, the [appellee] is entitled to summary judgment as a matter of law." The trial court ruled that appellant had to prove that Sabina "would have" acted differently if not for appellee's actions. The trial court emphasized in its opinion the fact that Weckstein testified that "[m]y opinion is that if the Sabina Bank was aware that there was a source of funds with which to make the necessary payments pursuant to the promissory notes, that the bank very well may have proceeded differently than it apparently did in the foreclosure action." (Emphasis added.) The court stated that "[a]n opinion by an attorney expert witness that the Bank may have proceeded differently, rather than would have proceeded differently or that Lewis would have been in a more favorable position, is not sufficient evidence that there is a genuine issue of fact for trial." The trial court also found that appellant had failed to show actual damages. The court found that appellant's "affidavit does not state that he specifically suffered any damages."
Appellant claims that the trial court erred in granting summary judgment and presents two assignments of error for review:
First Assignment of Error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT, CONTRARY TO OHIO SUPREME COURT'S RULING ON SUMMARY JUDGMENT, BY NOTING; "[APPELLANT] HAS NOT OFFERED SUFFICIENT EVIDENCE BEYOND HIS PLEADINGS TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT THAT HE HAS BEEN PROXIMATELY DAMAGED AS A RESULT OF [APPELLEE'S] BREACH OF DUTY TO HIM."
Second Assignment of Error:
 TRIAL COURT ERRED IN ITS ACTION ON GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT ON A SECOND ATTEMPT, BY NOT PROPERLY CONSIDERING EVIDENCE ON DAMAGE CAUSED BY THE [APPELLEE] TO THE [APPELLANT] BY FIRST DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, BY RECOGNIZING SAID DEFENDANT HAD BREACHED HIS DUTY TO OBEY A LAWFUL INSTRUCTION FROM HIS CLIENT ABOUT THAT EVIDENCE.
We combine appellant's two assignments of error and address the primary issue of whether the trial court erred in granting summary judgment to appellee on appellant's legal malpractice complaint. In order to establish a cause of action for legal malpractice based upon negligent representation, a plaintiff must show 1) that the attorney owed a duty or obligation to the plaintiff, 2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and 3) that there is a causal connection between the conduct complained of and the resulting damage or loss. Vahila v. Hall (1997), 77 Ohio St.3d 421, 427. Only the third requirement for legal malpractice is at issue in the present case, i.e., whether appellant presented sufficient evidence that there was a causal connection between the conduct of appellee and the resulting damage or loss of appellant.
The Code of Professional Responsibility states: "A lawyer shall not intentionally: (1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, * * *." DR 7-101. A violation of the Disciplinary Rules does not constitute malpractice per se because "the client must have incurred damages which were directly and proximately caused by the attorney's malpractice." Northwestern Life Ins. Co., v. Rogers (1989), 61 Ohio App.3d 506, 512; Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 298. An attorney may be held liable for not following the lawful instruction of his or her client to the extent of losses following from the noncompliance. McInnis v. Hyatt Legal Clinics (1984), 10 Ohio St.3d 112,112-113.
Appellant alleges that appellee's failure to adhere to the Code of Professional Responsibility and follow specific instructions resulted in damage to appellant.
When reviewing on appeal a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. When reviewing a grant of summary judgment, a reviewing court must follow the standard set forth in Civ.R. 56(C), which specifically provides that before summary judgment can be granted, it must be determined that 1) no genuine issue as to any material fact remains to be litigated, 2) the moving party is entitled to judgment as a matter of law, and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Welco Ind. Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346; Whitaker v. Davis (Jan. 27, 1997), Warren App. No. CA96-07-060.
"Summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion, are subject to reasonable dispute." Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 360. Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco,67 Ohio St.3d at 346. To overrule a motion for summary judgment, it is only essential that appellant "put forth sufficient evidence to raise a question of fact for the jury as to the existence and extent of [his] claim." Gibbons v. Price (1986), 33 Ohio App.3d 4,14.
In addition to considering the evidence presented in the motion for summary judgment, the trial court must also examine the record to determine whether there is any genuine issue of material fact. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,360. The movant for summary judgment also has a burden of proof before the trial court. The Supreme Court of Ohio recently ruled on this issue in Drescher v. Burt (1996), 75 Ohio St.3d 280, 293:
 Accordingly, we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
(Emphasis sic.)
In the present case, appellee was the moving party and appellant was the nonmoving party. The trial court found that appellee had satisfied the burden of being able to specifically point to some evidence which affirmatively demonstrated that appellant had no evidence to support his claims. The evidence specifically pointed to and relied upon by appellee was the deposition of Donald Weckstein. Appellee argued that Weckstein's testimony that Sabina Bank "very well may have" proceeded differently if appellee followed appellant's instructions was not enough to show proximate cause for appellant's damages. The trial court agreed with appellee's reasoning. The court stated that "[a]n opinion by an attorney expert witness that the Bank may have proceeded differently, rather than would have proceeded differently or that Lewis would have been in a more favorable position, is not sufficient evidence that there is a genuine issue of fact for trial."
However, when proving proximate cause in a legal malpractice case, the standard of proof is whether "there is a causal connection between the conduct complained of and the resulting damage or loss." Vahila, 77 Ohio St.3d at 427. It is not necessary for a plaintiff to prove "that he or she would have been successful" if not for the negligent acts of the attorney. (Emphasis added.) Vahila, 77 Ohio St.3d at 428. The Ohio Supreme Court reasoned that "[s]uch a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious malpractice claim." Id.
After carefully reviewing the record, we find that the trial court erred when it found that appellee had met the burden of showing that there was an absence of a genuine issue of material fact on an essential element of appellant's claims. Following the reasoning of Vahila, appellant was not required to prove that Sabina "would have" acted differently if not for appellee's actions. Weckstein's testimony that the bank "very well may have" proceeded differently is "sufficient evidence to raise a question of fact for the jury as to the existence and extent of [his] claim." Gibbons, 33 Ohio App.3d at 14.
We also find that the trial court erred by determining that appellant failed to show actual damages. The court found that appellant's "affidavit does not state that he specifically suffered any damages." However, the court overlooked appellant's affidavit wherein he states that "the foreosure action caused my real estate to be sold at a sheriff's auction." The alleged damage was the sale of the property. The issue of whether appellant was damaged, and how much appellant was damaged is a question of fact for the trier of fact to decide.
Accordingly, we sustain appellant's assignments of error. Appellant has shown that there was sufficient evidence in the record to overrule appellee's motion for summary judgment. The testimony of Weckstein establishes evidence of proximate cause, and appellant has shown evidence of what damages occurred because of appellee's alleged actions. We reverse the trial court's decision to grant summary judgment and remand this case for further proceedings.
WALSH and POWELL, JJ., concur.