OPINION
Plaintiff, Viktor P. Polivka, pro se, appeals the judgment of the Franklin County Court of Common Pleas granting summary judgment f or defendant, Edward J. Cox, Jr.
On January 18, 2001, plaintiff filed a claim for legal malpractice[1]
alleging that defendant negligently represented him before the Industrial Commission of Ohio ("commission") in his claim for workers' compensation benefits. Specifically, plaintiff alleged that defendant failed to timely appeal the district hearing officer's ("DHO") September 5, 2000 order denying plaintiff's claim for temporary total disability compensation.[2]
(Complaint, paragraph 7.) In support of his claim, plaintiff attached several documents to his complaint, including a photocopy of a notice of appeal with a date stamp of November 29, 2000, which plaintiff purports in his complaint to be from the "official BWC Claim file" (Complaint, paragraph 38 [Attachment L].)
On March 15, 2001, plaintiff filed a document entitled "Addendum to Motion #1," again alleging that defendant was negligent in failing to timely appeal the DHO's order. Within this document, plaintiff averred that "there is no record at BWC or IC on an Appeal filed by Defendant." (Paragraph 3.) In support of this statement, plaintiff attached a photocopy of a March 9, 2001 facsimile transmittal to plaintiff from the Ohio Bureau of Workers' Compensation ("BWC"), wherein it was stated that a review of plaintiff's claim file revealed no record of an appeal being f iled by plaintiff's attorney.
On April 27, 2001, defendant filed a motion for summary judgment alleging that he was entitled to judgment as a matter of law because plaintiff failed to support his allegations of legal malpractice with expert testimony establishing that defendant's conduct fell below the appropriate standard of care required of an attorney. Defendant attached to his motion his own affidavit, in which he attested, inter alia, that he represented plaintiff in his claim for workers' compensation; that he timely appealed the September 5, 2000 DHO's order; that he provided plaintiff a copy of the timely filed notice of appeal; and that he never fell below the standard of care for an attorney engaged in the representation o f a plaintiff in a workers' compensation matter.
On May 3, 2001, plaintiff filed a cross-motion for summary judgment, requesting that summary judgment be granted in his favor because defendant's attestation that he had filed a timely appeal to the DHO order was untrue. In support of this argument, plaintiff attached an unsigned photocopy of a portion of the findings of the Staff Hearing Officer ("SHO") from the February 7, 2001 proceedings before the commission:
 The claimant's C-86 motion filed 11-29-2000 * * * is construed as the claimant's request for O.R.C. section 4123.52/.522 relief regarding the order of the DHO dated 09-12-2000 (date of hearing 9-5-00). That DHO order denied the claimant's request for temporary and total disability compensation for the requested period of 06-07-2000 through the 09-05-2000 date of the DHO hearing and continuing. The claimant is requesting permission to now file an appeal from that DHO order dated 09-12-2000. This claimant's C-86 motion is denied. The DHO order dated 09-12-2000 remains in effect as a full and final order. The claimant admits at today's hearing (as well as on the face of the C-86 motion) that no appeal was timely filed. The claimant testified that his counsel at that time (Cox, Stein, and Pettigrew) never filed an appeal to the 09-12-2000 order, although the claimant alleges that his counsel informed the claimant that an appeal had been timely filed. The claimant further testified at today's hearing that he had relied upon his counsel to file the necessary appeal. The claimant indicated at today's hearing that he is currently pursuing legal action against his former counsel regarding the above matter as well as other issues. The SHO finds that the claimant is pursuing the correct legal avenues available to him in this matter. O.R.C. Section 4123.52/.522 relief is not available in this matter. The claimant and his counsel received copies of the 09-12-2000 DHO order and decision. There is no proof that a timely appeal was ever filed by the claimant or his counsel at that time. Alleged misplaced reliance by the claimant upon his counsel to file the appropriate appeal is not a sufficient basis upon which to later grant O.R.C. Section 4123.52/.522 relief.
On July 5, 2001, plaintiff filed a "Motion to Dismiss Defendant's Motion for Summary Judgment," again alleging that the sworn statements defendant made in his affidavit were false. Plaintiff argued that the aforementioned March 9, 2001 facsimile transmittal from the BWC and the SHO's February 7, 2001 findings confirmed plaintiff's allegations.
By decision and entry filed August 21, 2001, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. In its decision and entry, the trial court stated in pertinent part:
 * * * It is well settled under Ohio law that a plaintiff alleging legal malpractice must present expert testimony on professional standards of conduct. See McGinnis v. Hyatt Legal Clinics (1984), 10 Ohio St.3d 112. Summary judgment in favor of the attorney is mandated when the plaintiff fails to supply expert testimony on the alleged negligence. See Bloom v. Dieckmann (1983), 11 Ohio App.3d 202.
 Thus far, plaintiff has failed to contradict the affidavit of the defendant who states that at no time did the services provided to plaintiff fall below the standard of care. Plaintiff has chosen to represent himself in this matter. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not be accorded greater rights and must accept the results of their own mistakes and errors." See, e.g., Meyers v. First Nat'l Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210.
Plaintiff appeals the trial court's judgment and advances the following assignments of error:
 1. The trial court erred when it granted judgment entry to defendant-appellee based on an affidavit submitted falsely and against the law.
 2. Civil Rule 56(C) places mandatory duty on a trail [sic] court to thoroughly examine all appropriate materials filed by parties before ruling on a motion for summary judgment. The failure of a trail [sic] court to comply with this requirement constitutes reversible error.
 3. Civil Rule 56(C) provides that summary judgment shall be rendered only if there "is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. However, if term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term, and summary judgment is not appropriate.
 4. On summary judgment the inferences to be drawn from the underlying facts contained is [sic] such materials, as depositions, affidavits and exhibits must be viewed in light most favorable to the party opposing the motion, and if so viewed, reasonable minds can come to differing conclusions, the motion should be overruled.
As plaintiff's assignments of error are interrelated, we will address them together. Plaintiff asserts that the trial court erred by granting defendant's motion for summary judgment. In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. In determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the a pplicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Thus, summary judgment may not be granted unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-430.
Summary judgment may not be granted until the moving party sufficiently demonstrates the absence of a genuine issue of material fact. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts demonstrating that a genuine issue of material fact does exist that must be preserved for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered a gainst the nonmoving party. Id. at 293.
As noted previously, plaintiff's complaint alleges that defendant is liable to plaintiff for legal malpractice committed by defendant during his representation of plaintiff in his workers' compensation action before the commission. "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." Vahila, supra, syllabus. See, also, Krahn v. Kinney (1989), 43 Ohio St.3d 103, syllabus; Burke v. Gammarino (1995),108 Ohio App.3d 138, 143.
The first element of a legal malpractice claim is that the attorney owed a duty or obligation to his or her client. It is undisputed that defendant represented plaintiff in his workers' compensation action before the commission. Accordingly, defendant owed plaintiff a duty to exercise the knowledge, skill and ability ordinarily possessed and exercised by similarly situated members of the legal profession. Williams-Roseman v. Owen (2000), Franklin App. No. 99AP-871, citing Holley v. Massie (1995), 100 Ohio App.3d 760, 764.
The second element of a legal malpractice claim is that the attorney breached the duty and failed to conform to the standard required by law. Plaintiff contends that defendant breached his professional duty by failing to timely appeal the DHO's denial of his claim for TTD compensation.
Defendant's motion for summary judgment relies solely upon his own affidavit, which avers that he timely filed an appeal from the DHO's order; that he provided plaintiff a copy of the timely filed notice of appeal; and that his representation of plaintiff never fell below the standard of care for an attorney engaged in the representation of a plaintiff in a workers' compensation matter. Although it has been held that a defendant in a legal malpractice action possesses the required skill and knowledge to testify as to whether he or she met the applicable standard of care and that an independent expert is not required to defend a claim of malpractice, Perotti v. Beck (2001), Mahoning App. No. 00CA249, citing Nuckols v. Kapp (1999), Columbiana App. No. 97C06, we cannot find that defendant's affidavit, standing alone, is sufficient to satisfy the initial burden imposed upon defendant under Civ.R. 56(C). Defendant avers that he competently represented plaintiff in his workers' compensation action because he timely appealed the DHO's order. However, whether or not defendant timely filed the notice of appeal is the disputed issue in this case. Indeed, plaintiff alleges that no timely appeal was ever filed and that defendant's attestation that he filed a timely notice is untrue. We further note that defendant did not attach to his affidavit a copy of the alleged timely filed notice of appeal.
Confronted with an inadequately supported motion for summary judgment, the trial court nonetheless granted summary judgment in defendant's favor. Upon review of the trial court's judgment, it is evident that the trial court failed to hold defendant to his initial burden as required by Civ.R. 56(C). Rather than determining whether defendant satisfied the initial burden imposed under that rule, the court proceeded directly to an analysis of plaintiff's reciprocal burden. The duty to set forth material facts demonstrating that a specific issue is triable, however, arises only if the moving party first satisfies its burden under Civ.R. 56(C). If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.
The fact that plaintiff failed to set forth expert evidence in support of his malpractice claim does not change the two-step process governing the analysis of summary judgment motions under Civ.R. 56. Accordingly, the reciprocal burden imposed upon plaintiff is not triggered until defendant has fulfilled the initial requirements of Civ.R. 56(C).
In summary, we conclude that defendant's affidavit fails to sufficiently demonstrate the absence of a genuine issue of material fact on an essential element of plaintiff's claim of legal malpractice. Because defendant did not satisfy the initial burden imposed under Civ.R. 56(C), the trial court erred in requiring plaintiff to set forth expert evidence in support of his malpractice claim. See, e.g., Hahn v. Sudheendra (1997), Trumbull App. No. 96-T-5448.
For the foregoing reasons, plaintiff's four assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT, J., and TYACK, P.J., concur.
[1] In his complaint, plaintiff set forth several causes of action, including breach of contract, breach of fiduciary duty, intentional infliction of emotional distress, and perjury. Upon review of the complaint, we conclude that all of plaintiff's claims are premised upon defendant's alleged acts or omissions committed in his representation of plaintiff. Accordingly, this court, as did the trial court, construes plaintiff's complaint as presenting a cause of action for legal malpractice, regardless of how it is labeled. See Compston v. Holzapfel (1991), Clermont App. No. CA90-08-079. Further, we note that there is no civil cause of action in Ohio for perjury. Hurley v. West American Ins. (1987), Franklin App. No. 86AP-345, fn. 1, citing Schmidt v. Statistics, Inc. (1978), 62 Ohio App.2d 48.
[2] The September 5, 2000 DHO order states that "An Appeal * * * from this order may be filed within 14 days of the receipt of the order." It is undisputed that defendant received the order on September 12, 2000. Thus, the notice of appeal was due no later than September 26, 2000.