Cynthia Westcott Rice, J.
{¶1} Appellant, Rick Marino, appeals from the judgment of the Warren Municipal Court, adopting the magistrate's ruling in favor of appellee, James Reamensnyder. At issue is whether the trial court abused its discretion by adopting the magistrate's decision without the benefit of expert testimony. For the reasons discussed in this opinion, we reverse the judgment of the Warren Municipal Court.
{¶2} In May 2013, Mr. Marino installed a driveway on Mr. Reamensnyder's property for $6,900.00, which Mr. Reamensnyder paid in full and is not in dispute. In the winter of 2014, approximately six feet of the driveway abutting the front steps, where no expansion joints were placed, began to crack and chip. Both parties attribute this damage to water runoff that pooled under the cement and froze. Mr. Marino testified that Mr. Reamensnyder had changed his landscape since the driveway installation in such a way that caused the water runoff to pool as it did. Mr. Reamensnyder testified that the landscaping was not changed after installation and asserted that Mr. Marino should have used expansion joints to help prevent cracking in that area. Mr. Marino points to the language on the proposal stating he cannot guarantee the cement will not crack. The proposal also states, "[a]ll work to be completed in a workmanlike manner according to standard practices."
*342 {¶3} Mr. Reamensnyder contacted Mr. Marino in August 2014 to ask him to fix the damaged area. Mr. Marino informed him he was no longer in the cement-laying business but offered to place a sealant over the damage. Mr. Reamensnyder, believing this solution was inadequate, filed suit in the Small Claims Court of the Warren Municipal Court alleging the driveway was cracked and chipped because no expansion material was placed and seeking $1,500.00, the estimated cost to repair the damaged section of his driveway.
{¶4} At trial, both Mr. Reamensnyder and Mr. Marino testified but no other witnesses were called. Neither party was represented by counsel. After viewing the driveway in question, the magistrate found that Mr. Marino should have considered the water runoff and awarded Mr. Reamensnyder $1,500.00 plus interest. Mr. Marino hired counsel and filed objections. The trial court heard no additional evidence but reviewed the record and adopted the Magistrate's findings. Mr. Marino now appeals, assigning one error for our review that provides:
{¶5} "The trial court erred when it found in favor of the Plaintiff/Appellee against Defendant/Appellant without requiring expert testimony on the part of Plaintiff/Appellee that Defendant/Appellant breached the duty of care."
{¶6} Evid.R. 702 allows the use of expert testimony in circumstances where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Id. However, "[i]n regard to a claimed breach of professional duty * * * if the matter to be determined is one of common knowledge, expert opinion evidence is neither required nor necessary." Sparks v. Martin , 6th Dist. Lucas No. L-94-129, 1995 WL 84686, *2 (March 3, 1995). See also, McInnis v. Hyatt Legal Clinics, 10 Ohio St.3d 112, 113, 461 N.E.2d 1295 (1984) (Expert testimony is generally required "in regard to professional standards of performance" but is not required if the claimed breach is within the common knowledge of a layman jury).
{¶7} We review the trial court's decision to adopt the magistrate's decision for abuse of discretion. Matter of Gibbs , 11th Dist. Trumbull No. 97-L-067, 1998 WL 257315, *5 (March 13, 1998), citing Pacific v. Interstate Ford, Inc. , 2d Dist. Montgomery No. 15427, 1996 WL 257434, *5-*6 (May 17, 1996). "A court abuses its discretion when its judgment neither comports with reason, nor the record." Warren Concrete & Supply, Inc. v. Strohmeyer Contracting, Inc. , 11th Dist. Trumbull No. 2010-T-0004, 2010-Ohio-5395, 2010 WL 4470724, ¶ 17, citing Nolan v. Nolan , 11th Dist. Geauga No. 2009-G-2885, 2010-Ohio-1447, 2010 WL 1254378, ¶ 33.
{¶8} Civ.R. 53(D)(4)(d) provides:
{¶9} In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.
{¶10} The record before us does not contain sufficient grounds to justify the magistrate's decision and the trial court did not review any additional evidence. Mr. Reamensnyder bore the burden of proof in this case. "To prevail on a negligence claim for failure to perform in a workmanlike manner, a plaintiff must 'show by a preponderance of the evidence that [the defendant] failed to exercise ordinary care and skill, and such failure proximately *343 caused the damages.' " Floyd v. United Home Imp. Ctr., Inc. , 119 Ohio App.3d 716, 719-20, 696 N.E.2d 254 (2d Dist.1997), quoting M.L. Simmons, Inc. v. Bellman Plumbing, Inc. , 8th Dist. Cuyahoga No. 67832, 1995 WL 396349 (July 6, 1995). See also, Gibson Concrete Const., Ltd. v. Shrode, 3rd Dist. Hancock No. 5-08-11, 2008-Ohio-5537, 2008 WL 4694521, ¶ 26. Performance in a workmanlike manner is work " 'equal to that customarily done by others in the same trade in the same community or the same type of work' " and is not " 'what either party individually expects or would like.' " Bretz v. Nagy , 11th Dist. Portage No. 2015-P-0082, 2016-Ohio-3008, 2016 WL 2869954, ¶ 42, quoting Salewsky v. Williams , 5th Dist. Stark No. CA-8131, 1990 WL 139731 (Sept. 17, 1990).
{¶11} The record shows that the parties agree the landscaping is the cause of the water runoff that ultimately damaged the cement. Mr. Marino asserted the landscaping was changed after the cement work was done. Mr. Reamensnyder asserted that the landscaping was not changed after the cement work was done. Although there is nothing to indicate Mr. Reamensnyder has any background in pouring concrete, he further argued that Mr. Marino should have placed expansion joints in that area to prevent cracking. Mr. Marino maintains that he placed expansion joints where appropriate. No evidence was presented to support these assertions on either side. However, to prevail Mr. Reamensnyder was required to prove his argument by a preponderance of the evidence, i.e. , Mr. Reamensnyder had to show it was more likely than not that Mr. Marino failed to exercise ordinary care. This inquiry implicates technical details of construction that is not within the general experience and knowledge of an ordinary individual.
{¶12} Regardless, without evidence in the record to support either assertion, the magistrate found Mr. Reamensnyder's testimony credible. He also found that Mr. Marino should have taken into consideration the runoff when installing the cement driveway. By so finding, the magistrate believed that the landscaping had not been altered after the cement was installed because for Mr. Marino to take the landscaping into consideration, the landscaping had to already be in place.
{¶13} Furthermore, assuming arguendo that the landscaping was not subsequently changed, the record fails to reflect any evidence that Mr. Marino did not take the runoff into consideration or act without ordinary care. "Merely proving the existence of a defect is insufficient without showing that the defect resulted from the contractor's failure to use ordinary care." Floyd , supra, at 720, 696 N.E.2d 254. Additional evidence tending to establish appellant deviated from ordinary standard of workmanship such that he failed to exercise reasonable care is necessary for appellee to meet his burden of production and persuasion. Because appellee's claim implicates professional standards of performance and is not a matter of common knowledge, expert testimony on this point is required.
{¶14} For the foregoing reasons, we hold the trial court's judgment was not supported by the weight of the evidence. The trial court therefore abused its discretion in adopting the magistrate's decision. The judgment of the Warren Municipal Court is accordingly reversed.
THOMAS R. WRIGHT, P.J.,
TIMOTHY P. CANNON, J.,
concur.