[Cite as *Monroe v. Richards*, 2025-Ohio-4394.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| JONATHAN S. MONROE | : | |
| | : | C.A. No. 2025-CA-23 |
| Appellant | : | |
| | : | Trial Court Case No. 23CV0734 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| REGINA R. RICHARDS, ET AL. | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 18, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**

CLARK C.A. No. 2025-CA-23

JONATHAN S. MONROE, Appellant, Pro Se
LINDSAY M. JOHNSON and MICHAEL D. RICE, Attorneys for Appellee

TUCKER, J.

{¶ 1} Plaintiff-Appellant Jonathan S. Monroe appeals from the dismissal on summary judgment of his claims for fraud and legal malpractice against Defendant-Appellee Regina R. Richards. For the reasons set forth below, we affirm the judgment of the trial court, albeit on grounds alternative to those stated in the trial court's decision.

## I.    Factual and Procedural History

{¶ 2} In 2018, Monroe was sentenced to a ten-year prison term, which included a mandatory term of five years, following a guilty plea to several criminal charges. In October 2020, Monroe filed a pro se motion for judicial release which was overruled by the trial court in August 2021.

{¶ 3} In 2022, Monroe's parents met with and paid Richards a fee of $2,500. According to affidavits executed by the parents, Richards was retained to determine whether Monroe was eligible for early release. Richards's affidavit averred she had been retained to file a motion for judicial release or, in the alternative, to request an order transferring Monroe to a "more favorable and safer facility." In July 2022, Richards filed a motion and amended motion for judicial release or resentencing on behalf of Monroe. According to Richards's affidavit and accompanying exhibits, the motion for resentencing constituted the request for transfer to "a safer facility." The amended motion for judicial release or resentencing was summarily overruled in August 2023.

{¶ 4} On November 7, 2023, Monroe filed his complaint against Richards setting forth claims of fraud and malpractice. The complaint alleged that Richards had taken the retainer fee even though Monroe was clearly "statutorily ineligible" for judicial release.

{¶ 5} The parties filed opposing motions for summary judgment. On March 10, 2025, the trial court rendered summary judgment in favor of Richards. The trial court concluded that Monroe's fraud claim was subsumed by his malpractice claim. As for the malpractice claim, the court stated that expert testimony regarding breach of duty was required unless the claimed breach was "well within the common understanding of laymen." The court explained:

Here, there appears to be no dispute that Mr. Monroe was ineligible for judicial release. Perhaps a layperson could, in his or her common understanding, determine Ms. Richards failed to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of her profession when she charged a fee to Mr. Monroe to file a motion for relief to which he was clearly ineligible – clear because no argument was made for an alternative interpretation of the law in the motion for judicial release, and because no such argument is made now.

However, whether the time and labor spent by Ms. Richards to interpret the judicial release statute, to make an alternative argument for Mr. Monroe's transfer to another facility, to meet and otherwise communicate with Mr. Monroe's parents on his behalf, and the other matters set forth in Ms. Richards' affidavit, was a breach of her duty to exercise the knowledge, skill and ability ordinarily possessed and exercised by members of the legal profession, is not well within the common understanding of laymen. As stated by the Sixth

District Court of Appeals . . . "the determination of legal fees involves several factors including the time and labor required, the difficulty of the issues involved, and the requisite skill needed to provide the legal service, all of which are not within the ordinary knowledge of laymen." Therefore, because the breaches are not within the ordinary knowledge or experience of laypersons, Mr. Monroe's claims require the support of expert testimony to create a genuine issue of material fact for a jury to consider. No such expert testimony having been provided, no genuine issue of material fact remains as to Mr. Monroe's legal malpractice claim.

{¶ 6} Monroe's timely appeal followed the trial court's decision rendering summary judgment in favor of Richards.

## II.    Summary Judgment

{¶ 7} Monroe's assignment of error states:

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IGNORING

THE PLAIN LANGUAGE OF THE LEGISLATURE AND CONSTITUTION.

{¶ 8} Monroe contends the trial court erred in rendering summary judgment against him on his claim for legal malpractice.[1]

{¶ 9} Summary judgment under Civ.R. 56 is proper when: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.

---

[1] Monroe's appeal does not contest the trial court's finding that the fraud claim was subsumed by the malpractice action.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2016-Ohio-3197, ¶ 5 (2d Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998). On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.).

{¶ 10} To establish a legal malpractice claim based on negligent representation, a plaintiff must show: (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), paragraph one of the syllabus. A defendant is entitled to summary judgment on a legal malpractice cause of action when construing the evidence most strongly in favor of the plaintiff, the plaintiff cannot, as a matter of law, establish one or more of the elements of the claim. *Woodrow v. Heintschel*, 2011-Ohio-1840, ¶ 17 (6th Dist.).

{¶ 11} The record in this case establishes that Richards charged a significant fee to file at least one motion that she was seemingly aware had no merit.[2] Indeed, the trial court's decision acknowledges the lack of merit to and authority for the motion for judicial release. Further, Richards's averment that she "believed [she] had a good faith basis" for requesting a facility transfer involves a question of fact that cannot be resolved by summary judgment. Though the trial court did not address the merits of the motion's request for a transfer, we

---

[2] We are aware of Richards's averment that she had told Monroe's parents he was not eligible for judicial release and that they nonetheless had insisted on filing the motion. Such a question of fact is not amenable to disposition via summary judgment. But as we explain below, Monroe's claim is legally untenable based on other grounds.

cannot find, and Richards has failed to cite, any legal support for her claim that the trial court had the authority to resentence Monroe to transfer him to a different facility. Indeed, in Richards's affidavit in support of her motion for summary judgment, she cited a provision of the Ohio Administrative Code that does not exist. Richards's affidavit also referred to a statute that has no bearing on the issue.

{¶ 12} Richards, without dispute, owed Monroe a duty to provide appropriate representation. A breach of this duty occurs when an attorney fails to "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties [she] has assumed." *R&L Solutions, Inc. v. Moses*, 2021-Ohio-1315, ¶ 15 (10th Dist.), quoting *Phillips v. Wilkinson*, 2017-Ohio-8505, ¶ 14 (10th Dist.). Expert testimony is usually needed to establish a breach of duty of representation. *Id.*, ¶ 16, citing *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112 (1984). However, if the breach is "well within the common understanding of . . . laymen" or if the "breach is so obvious that it may be determined by the court as a matter of law," expert testimony is not required. (Cleaned up.) *Id*.

{¶ 13} The trial court reasoned that though expert testimony may not have been required to establish that Richards breached the duty of professional representation, summary judgment in her favor was nonetheless required absent expert testimony concerning the reasonableness of her fee. Without deciding the issue, we question whether expert testimony was required to establish Richards's breach of the duty of professional representation when she filed a motion for judicial release or facility transfer when Monroe was clearly ineligible for such relief. Richards's breach was arguably so obvious that the trial court could have decided the issue as a matter of law.

{¶ 14} Even assuming that Richards had breached her professional duty, a factual issue remained regarding Monroe's alleged damages. "[A] legal-malpractice case is about what the plaintiff 'suffered on account of . . . bad lawyering.'" *Crespo v. Harvey*, 2012-Ohio-5312, ¶ 11 (2d Dist.), quoting *Paterek v. Peterson & Ibold*, 2008-Ohio-2790, ¶ 30. The damages question in any legal malpractice case is had the attorney not breached the duty of professional representation, what calculable loss could the plaintiff have avoided? *Id.* The question in this case was whether Monroe sustained damages—such as paying a legal fee he would not have otherwise paid—due to Richards's alleged breach of her professional duty in seeking post-conviction relief she knew, or should have known, had no chance of success. But Monroe did not pay any portion of Richards's fee, and this changes the analysis.

{¶ 15} Irrespective of the accuracy of the trial court's rationale, a summary judgment decision may be affirmed on other grounds. *See Gunsorek v. Pingue*, 135 Ohio App.3d 695, 701 (10th Dist. 1999), quoting *State v. Payton*, 124 Ohio App.3d 552, 557 (12th Dist. 1997) ("When a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial."). *Accord Coldly v. Fuyao Glass America, Inc.*, 2022-Ohio-1960, ¶ 74 (2d Dist.).

{¶ 16} A legal malpractice claim requires proof of a "causal connection between the conduct complained of and the resulting damage or loss." *Vahila*, 77 Ohio St.3d at 422. A "plaintiff claiming legal malpractice must put forth evidence of damages . . . ." *McGraw v. Jarvis*, 2021-Ohio-522, ¶ 36 (10th Dist.). Here, Monroe cannot demonstrate that he suffered any damage. He remains in the same legal position as he had been prior to Richards's representation, and no evidence indicates he paid any portion of Richards's legal fee. The

legal fee was instead paid by Monroe's parents.[3] Lacking proof of the essential element of damages, Monroe's legal malpractice claim fails as a matter of law. For this reason, the trial court correctly granted Richards's summary judgment motion.

{¶ 17} Accordingly, Monroe's assignment of error is overruled.

### III.     Conclusion

{¶ 18} Having overruled Monroe's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.

---

[3] Therefore, any claim for repayment of the legal fees belongs solely to Monroe's parents.