FRASHUER ET AL., APPELLEES, v. TRAVELERS INDEMNITY COMPANY, APPELLANT.

(No. 7286—Decided February 6, 1974.)

*Messrs. Mills, Heiser, Pullen & McIntyre,* for appellees.
*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellant.

MAHONEY, J. On January 18, 1973, plaintiffs filed a complaint, in the Akron Municipal Court, against the defendant, seeking to recover $5,000 under a contract of "travel theft" insurance. On February 8, 1973, the defendant filed

its answer. Thereafter, on July 24, 1973, the defendant filed a "demand" for a jury of six. The case was assigned for trial on August 27, 1973. In the interim, plaintiffs filed a motion to strike the demand, which was sustained. From that judgment, the defendant has appealed, claiming that the trial court erred, and abused its discretion, by striking the demand, which had been filed thirty-three days before the trial date. We disagree.

Civ. R. 38(B) requires a jury demand to be made within fourteen days after the service of the last pleading directed to the issues. Failure to do so is a waiver of the right to a jury trial under Civ. R. 38(D). There is a provision, under Civ. R. 39(B), for a jury trial to be had upon a motion at the court's direction in those cases where a jury demand could have been made of right.

However, in this case, the defendant's demand could hardly be considered a motion under Civ. R. 39(B). The fact that the opposing party would not be harmed or prejudiced by a jury trial is not enough reason to require the trial court to permit the request. Counsel for defendant failed to offer any explanation for his five month delay in "demanding" a jury trial, nor did he show how his case might be harmed or prejudiced by a failure to have a jury trial.

Additionally, while the issue was not raised, we find that the order striking the jury demand is not a final appealable order. Therefore, being without jurisdiction, we dismiss the appeal, at appellant's costs.

*Appeal dismissed.*

BRENNEMAN, P. J., and VICTOR, J., concur.