OPINION
Defendants-appellants, Howard and Bonnie Trickett ("appellants"), appeal from the denial of their motion for a trial by jury by the Portage County Court of Common Pleas and the subsequent judgment of the bench trial awarding damages for breach of contract to Crown Heating 
Cooling, Inc. ("Crown Heating").
On November 21, 1996, Crown Heating filed a complaint against appellants for breach of contract. Crown Heating alleged appellants failed to fully pay for the installation of a Geo-Loop on their property. Crown Heating further claimed appellants did not pay for the reasonable value of the work performed on their property.
On April 14, 1997, appellants filed their answer and counterclaim. In their counterclaim, appellants stated they incurred additional expenses after Crown Heating improperly installed the Geo-Loop. Appellants asked to be reimbursed for the time spent supervising the attempted correction of the coil loops constituting the Geo-Loop. On October 21, 1997, appellants filed a motion to add the manufacturer of the heating and cooling unit and Ohio Edison Company as third party defendants. The trial court granted the motion. On December 3, 1997, Ohio Edison Company filed its answer to the third party complaint. The answer included a jury demand.
The matter was ordered to arbitration. On November 2, 1998, the arbitrator awarded Crown Heating eleven thousand dollars ($11,000). On November 25, 1998, appellants appealed the arbitrator's award. On February 4, 1999, appellants' attorney withdrew from representing appellants. On April 22, 1999, the court severed the third party complaint against Water Furnace International, the manufacturer, and Ohio Edison.
On May 6, 1999, appellants filed a pro se document with the trial court titled "motions". In the body of the document, appellants asked the trial court to order all issues to be decided by a jury trial. Appellants claimed this was their original intent and mentioned the jury demand filed by Ohio Edison. Subsequently, appellants filed numerous motions which included a jury trial demand in the caption, although the motions addressed other matters.
On August 4, 1999, a notice of trial to jury shows the case was set for jury trial on August 31, 1999. On December 23, 1999, a notice of assignment shows the case was set for a bench trial.
On March 20, 2000, appellants filed a motion for trial by jury. A bench trial was held that same day. The trial court orally denied appellants' motion for jury trial and the case was tried to the bench. The trial court issued a judgment entry denying the motion for jury trial on March 21, 2000. The trial court found for Crown Heating, awarding it eleven thousand dollars ($11,000) in damages. Appellants' counterclaim was dismissed. The third party defendants subsequently were dismissed on summary judgment.
Appellants raise the following assignments of error for review:
 "[1.] The trial court erred in overruling Appellants' motion for a trial by jury presented during the course of the proceedings prior to trial and also by specific motion made at the beginning of the bench trial in the within matter.
 "[2.] The trial court erred to the prejudice of the Appellants in denying Appellants the right to a jury trial when the Appellants had not assented to the withdrawal of the jury demand previously filed, and the withdrawal of the jury demand was, in essence, effectuated by an order of the Court which severed a third party complaint."
 In their first assignment of error, appellants contend the trial court erred in overruling their motion for a jury trial. Appellants assert they made numerous requests for a jury trial in motions filed prior to the commencement of trial, as well as at the beginning of the bench trial. Appellants rely on Civ.R. 38(D) to support their position that all the parties must consent to a withdrawal of a jury demand, regardless of which party initiated the demand. Appellants argue they filed a document demanding a jury trial within fourteen (14) days of the severance of the third parties. Appellants assert that they always understood a jury trial would be held, as they explained in their March 20, 2000 motion for trial by jury.
Civ.R. 38 provides:
 "(A) Right preserved. The right to trial by jury shall be preserved to the parties inviolate.
 "(B) Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party. If the demand is endorsed upon a pleading the caption of the pleading shall state `jury demand endorsed hereon.' ***
 "(C) Specification of issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party within fourteen days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.
 "(D) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
 The right to a jury trial is inviolate. Section 5, Article I, Ohio Constitution. Although the right to a jury is inviolate, it may be waived. Cincinnati v. The Bossert Machine Co. (1968), 16 Ohio St.2d 76, 79. A jury demand must be made within fourteen (14) days after service of the last pleading. McGhee v. Cty. of Cuyahoga (Oct. 28, 1999), Cuyahoga App. No. 74928, unreported, 1999 Ohio App. LEXIS 5057. A jury demand filed after this fourteen (14) day limit does not per se constitute a motion for a jury trial. Frashuer v. Travelers Indemnity Co. (1974), 49 Ohio App.2d 1. The failure of a party to comply with Civ.R. 38 constitutes a waiver by him of his constitutional right to trial by jury. Rojc v. Janezich (June 30, 1992), Lake App. No. 91-L-115, unreported, 1992 Ohio App. LEXIS 3428.
Once a jury demand has been made pursuant to Civ.R. 38, the exclusive method by which the demand may be waived is set forth in Civ.R. 39(A).Carl Sectional Home, Inc. v. Key Corp. (1981), 1 Ohio App.3d 101, 103. Civ.R. 39(A) states that once a jury has been demanded, the action shall be designated upon the docket as a jury action unless the parties, by written stipulation or by oral stipulation in open court, consent to trial by the court or unless the court finds that a right to trial by jury of some or all of those issues does not exist.
Amended pleadings that do not introduce new issues do not renew the period within which a party may demand a jury trial. New issues mean new issues of fact and not new theories of recovery. Ferguson v. Johnson
(1984), 15 Ohio App.3d 143. New issues of fact raised in a pleading, which contains a jury demand, do not extend that jury demand to other issues for which the parties did not demand a jury. See Kirchner v. EatonConst. Co. (Oct. 12, 1995), Belmont App. No. 94-B-46, unreported, 1995 Ohio App. LEXIS 4505.
Even if the various motions filed by appellants are considered to be jury demands, appellants did not file the first such motion until well after the last pleading was filed in the case. Civ.R. 38 does not provide for any other time period in which to file a jury demand other than the fourteen (14) days following service of the last pleading. The failure of a party to make a jury demand within this time limit constitutes a waiver of the right to a trial by jury. Because appellants did not file a jury demand within the period provided for such by Civ.R. 38, they waived their right to a jury trial. Appellants' first assignment of error lacks merit.
In their second assignment of error, appellants argue the trial court erred in proceeding with a bench trial because they never agreed to the withdrawal of Ohio Edison's jury demand. Appellants maintain that the court order severing the third party claims from the proceedings circumvented their right to consent to the withdrawal of the previously filed jury demand. Appellants claim their right to assent to the withdrawal of a jury demand was terminated by the court order and violated Civ.R. 38(D).
Appellants' claims against Ohio Edison were for fraudulent misrepresentation while their cause of action against Crown Heating sounded in contract. Because the issue raised in appellants' third party complaint against Ohio Edison differed from that presented in appellants' complaint against Crown Heating, the jury demand by Ohio Edison did not cover appellants' claims against Crown Heating following severance by the court. See Ohio Dev. Co. v. Ellis (Aug. 30, 1993), Montgomery App. No. 13428, unreported, 1993 Ohio App. LEXIS 4335.
Further, the severance of the third party complaint by court order did not constitute a withdrawal of the jury demand. The jury demand by Ohio Edison, based upon the tort claims filed by appellants, did not include the contract claims in the case at hand. Therefore, the jury demand did not continue after severance. Therefore, while the severance resulted in a bench trial between appellants and Crown Edison, there was no withdrawal requiring appellants' consent because the bench trial occurred due to the procedure of the case, and not because Ohio Edison requested the withdrawal of its jury demand. Appellants' second assignment of error is overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.