DECISION.
Defendant-appellant Natasha Croom appeals from the trial court's judgment awarding damages to the plaintiffs-appellees, Paul C. Roberson, Evan Richard and Tyrone Roberson, Jr., for injuries sustained when the automobile Croom was operating struck the rear of the automobile in which the appellees were riding. In her assignments of error, Croom contends that the trial court (1) prejudicially deprived her of discovery by not compelling a meaningful independent medical examination ("IME") in compliance with Civ.R. 35, and (2) violated her right to a jury trial. We sustain both assignments of error and reverse the judgment of the trial court.
In her first assignment of error, Croom contends that the trial court erred in denying her motion to dismiss the appellees' complaint or to grant another sanction when the appellees failed to comply with an order to undergo an IME.
As Croom admitted her negligence, the issue at the bench trial was the cause and extent of the appellees' injuries. During a lengthy and contentious period of discovery, the appellees maintained that since they were not claiming permanent injuries, their current medical conditions were not in controversy. They did submit documentary evidence of their injuries. The trial court ruled that the cause of the appellees' physical conditions was in controversy and that Croom had shown good cause for an IME. Pursuant to Civ.R. 35, the trial court ordered each appellee to submit to an IME by Thomas A. Bender, M.D., a board-certified orthopedic surgeon. At the examinations, each of the appellees, upon the instruction of their counsel, refused to answer Dr. Bender's questions about their medical histories, details of the trauma sustained during the accident, including whether they had struck any portions of the automobile, what treatments they had received for their injuries, and whether they had "specific anatomical complaints from the accident." By affidavit, Dr. Bender indicated that answers to these questions were required "to perform a complete and thorough independent medical evaluation."
In response to the appellees' failure to cooperate during the IME, on December 6, 2000, Croom filed a motion seeking, inter alia, to dismiss the complaint or to reschedule the trial to permit re-examination of the appellees by Dr. Bender, and to order monetary sanctions for the costs resulting from the appellees' failure to comply with the court's previous order. The trial court denied the motion on January 31, 2001. It stated that "[a]ll information needed by the physician can be obtained through other forms of discovery, i.e.[,] interrogatories or deposition." The trial court withheld a ruling on the motion for sanctions.
The appellees contend on appeal, as they did in the trial court, that the order to undergo an IME was improperly granted because they were not claiming permanent injuries, and thus that their current medical conditions were not in controversy. Therefore, they conclude, the trial court did not err in failing to impose a sanction for failing to cooperate with Dr. Bender. This argument is specious. The trial court resolved the issue adversely to them when it found that the appellees' physical conditions were in controversy, that good cause had been shown for the IME, and that the appellees had to undergo the examination. The appellees have not advanced a cross-assignment of error directed to the trial court's Civ.R. 35 order. See R.C. 2502.22.
The record reflects that Dr. Bender asked appellees to answer basic, nonprivileged questions regarding medical history, the mechanism of injury, and medical treatment so that he could conduct the examination ordered by the court. The appellees' own treating chiropractor, Robert A. Eakin, D.C., testified in his deposition that he too regarded answers to these questions as critical elements of his examinations. Yet, the appellees' attorney, resorting to gamesmanship, instructed the appellees not to comply with Dr. Bender's inquiries. The choices the trial court ultimately left to Croom to obtain this medical information effectively deprived her of the ability to defend the suit brought by appellees. See, e.g., Short v. Ralston (Jan. 8, 1992), 1st Dist. Nos. C-900549 and C-900623.
We hold, therefore, that the trial court abused its discretion by failing to enforce its previous order for independent medical examinations in the face of noncompliance by the appellees. It also erred in relying upon prospective sanctions as the sole remedy for failure to submit to a meaningful IME. See Civ.R. 37(B)(2). The first assignment of error is sustained.
Croom next contends that the trial court erred in employing Loc.R. VI(2) of the Hamilton County Municipal Court to deny her a jury trial. The local rule provides the following:
 To expedite the scheduling of civil jury cases and to insure the trial of a given case on the date assigned, all attorneys involved in a civil jury trial must give a written notice of their intention to proceed to a jury at least five (5) full work days before the assigned trial date. Said notice must be sent to the Chief Civil Deputy Clerk of Court.
 Croom admits that she did not provide the written notice required by the local rule. On the day scheduled for the jury trial to begin, with the parties and their witnesses present in court, the trial court, over objection, indicated that, absent the notice required by Loc.R. VI(2), the matter would proceed to a bench trial.
While the Ohio Constitution declares that the right to trial by jury is inviolate in Ohio, see Section 5, Article I, Constitution, the General Assembly and the courts may place reasonable restrictions on that right. See Walters v. Griffith (1974), 38 Ohio St.2d 132, 311 N.E.2d 14, syllabus. For example, the failure of a party to timely serve her demand for a jury trial constitutes a waiver of a trial by jury. See Civ.R. 38(D); see, also, Ferguson v. Johnson (1984), 15 Ohio App.3d 143,473 N.E.2d 56. Local rules requiring an advance security deposit for the costs of a jury trial are also constitutional as they involve only a moderate and reasonable regulation of the right to trial by jury. SeeWalters v. Griffith, syllabus.
Any evaluation of the validity of Local Rule VI(2) must take into account the purpose it is designed to serve. Here, the local rule is intended to advance the interests of judicial economy by avoiding the summoning of parties, witnesses, and prospective jurors to a jury trial that is not going to take place. See, generally, Cassidy v. Glossip
(1967), 12 Ohio St.2d 17, 231 N.E.2d 64.
The evidence of record reflects that Croom complied with Civ.R. 38 and Loc.R. VI(1) by including a jury demand in her answer and by paying the $100 jury-demand fee. The trial court's first scheduling order, entered in March 2000, its November 2000 scheduling order, its March 23, 2001, order, and its final scheduling order dated May 30, 2001, all indicate that this case was scheduled for jury trial.
On the day of the jury trial, Croom and the appellees were ready to proceed. It was then that the trial court noted the lack of compliance with the local rule and stated that it "has set this afternoon and has actually cancelled, basically, the criminal docket for tomorrow anticipating that there would be a jury trial * * *." There being no evidence that the trial court or the parties were inconvenienced by the failure to serve the five-day written notice upon the clerk of the court, we hold that, in this case, the strict application of the local rule unreasonably denied Croom her constitutionally protected right to a trial by jury. The second assignment of error is sustained.
Therefore, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Decision.
Judgment reversed and cause remanded.
 Gorman, P.J., Sundermann and Winkler, JJ.