JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
On August 13, 2002, plaintiff-appellee Tammy McCauley filed a complaint for eviction and money damages in the Hamilton County Municipal Court against defendants-appellants Renee Dawson and Chris Davis. Dawson and Davis filed an answer and counterclaim on August 28, 2002. On September 5, 2002, McCauley filed an answer to the counterclaim in the municipal court. The trial court journalized an entry on September 5, 2002, granting McCauley restitution of the premises. McCauley's claim for money damages and the counterclaim were transferred to the Hamilton County Court of Common Pleas because the counterclaim exceeded the jurisdiction of the municipal court. McCauley filed an answer to the counterclaim in the common pleas court on October 23, 2002.
On February 18, 2003, Dawson and Davis dismissed their counterclaim. The case was transferred back to the municipal court and assigned to a magistrate for further proceedings on McCauley's complaint. On April 23, 2003, the case was continued to June 10, 2003, at the request of Dawson and Davis. On June 11, 2003, the case was again continued at the request of Dawson and Davis until July 31, 2003. The entry granting the continuance stated that no further continuances would be granted.
On July 23, 2003, Dawson and Davis filed a demand for a jury trial and a motion for another continuance. On July 31, 2003, the magistrate denied the motion for a continuance and granted judgment in favor of McCauley in the amount of $3023.19. Dawson and Davis filed objections to the magistrate's decision on August 12, 2003. The trial court adopted the magistrate's decision in an entry journalized on September 11, 2003. Dawson and Davis filed a notice of appeal on October 9, 2003.
The sole assignment of error alleges that the trial court erred in adopting the magistrate's decision, as the magistrate had no jurisdiction to render the decision because Dawson and Davis had filed a demand for a jury trial.
Civ.R. 38(B) provides that "any party may demand a trial by jury on any issue triable of right by a jury by serving upon other parties a demand therefor * * * not later than fourteen days after the service of the last pleading directed to such issue." Failure to make a timely demand constitutes a waiver of the right to trial by jury. See Civ.R. 38(D); Burke v.Gammarino (1995), 108 Ohio App.3d 138, 670 N.E.2d 295; Fergusonv. Johnson (1984), 15 Ohio App.3d 143, 473 N.E.2d 56.
Dawson and Davis were required to file a demand for a jury trial at the very latest fourteen days after McCauley's October 23, 2002, answer to their counterclaim. The demand for a jury trial was not filed until July 23, 2003, well after the last pleading filed in the case. Because Dawson and Davis failed to request a trial by jury within fourteen days of the last pleading filed, they waived their rights to a jury trial. See id. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Painter, JJ.