OPINION
{¶ 1} Plaintiff-appellant Bringman Bringman Co., L.P.A. appeals from the July 7, 2006, Judgment Entry of the Mount Vernon Municipal Court. Defendant-appellee Frederick Paul Smith has filed a cross-appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 20, 2001, appellant Bringman Bringman Co., L.P.A. filed a complaint on an account against appellee Frederick[1] Paul Smith and Vivian Walpole, who is appellee's mother, alleging that they "jointly and severally" owed appellant $9,569.99 in legal fees plus interest at the rate of 10% per annum from February 9, 2001. Vivian Walpole was served by certified mail on April 26, 2001. However, the summons and complaint issued to appellee via certified mail came back "unclaimed". A summons and complaint were then mailed to appellee via ordinary mail on May 30, 2001. The ordinary mail was not returned.
 {¶ 3} Thereafter, on June 7, 2001, appellant filed a Motion for Default Judgment against Vivian Walpole. Pursuant to a Judgment Entry filed on June 8, 2001, appellant was granted judgment against Walpole in the amount of $9,569.99 plus interest at the rate of 10% per annum from February 9, 2001, and costs. On August 3, 2001, appellant filed a Motion for Default Judgment against appellee. As memorialized in a Judgment Entry filed on August 3, 2001, appellant was granted judgment against appellee in the amount of $9,569.99 plus interest at the rate of 10% per annum from February 9, 2001.
 {¶ 4} On or about December 6, 2005, appellee sent a letter to the trial court advising it that he had not received "notice of the hearing." Appellee, in his letter, indicated that he had just gotten out of prison on July 24, 2005, and challenged the amount of attorneys' fees sought by appellant. *Page 3 
 {¶ 5} Pursuant to a Journal Entry filed on December 7, 2005, the trial court advised the parties that it was treating appellee's letter as a motion for relief from judgment pursuant to Civ.R. 60(B) and that it was scheduling a hearing on the same for February 1, 2006. Following the hearing, the trial court, as memorialized in a Journal Entry filed the same day, vacated the default judgments granted against both appellee and Vivian Walpole. The trial court, in its entry, found that appellee had moved and had not received service of the summons and that "based on the admission of Counsel for the Plaintiff that the Default Judgment against Defendant, Vivian Walpole, inadvertently included charges that she did not guarantee." The trial court further granted appellee and Walpole until March 1, 2006, to file an answer to appellant's complaint.
 {¶ 6} Appellee and Walpole filed answers on February 27, 2006. Appellant, on March 24, 2006, filed a Motion to Strike the same pursuant to Civ.R. 11 since "[t]he document purportedly filed by Defendant, Frederick Paul Smith, or both Defendants is not signed nor is any address for Defendant, Frederick Paul Smith, nor neither Defendant provided." On May 11, 2006, appellee and Walpole, through recently retained counsel, filed a Motion for Leave to File an Amended Answer. Appellee and Walpole, in such motion, indicated that their February 27, 2006, answer had failed to comply with Civ. R. 11. Via an Entry filed on May 15, 2006, the trial court granted such motion.
 {¶ 7} A joint Amended Answer was filed on May 15, 2006. Walpole, in the amended answer, alleged that the account attached to appellant's complaint contained legal fees that she did not guarantee. A bench trial was scheduled for July 7, 2006. *Page 4 
 {¶ 8} Appellant, on May 22, 2006, filed a written jury demand. The trial court, as memorialized in a Journal Entry filed on May 25, 2006, denied the jury demand, finding that it was not timely filed. In response, appellant, on May 30, 2006, filed a second jury demand, alleging that such demand was "timely as was the first demand filed herein."
 {¶ 9} Subsequently, on July 3, 2006, appellee and Walpole filed a Motion for Leave to File a Second Amended Answer, alleging that they had discovered another defense that they sought to raise. Appellee and Walpole, in their motion, noted that appellant had timely requested a jury demand. The trial court, via an Entry filed on July 5, 2006, granted the Motion for Leave to File a Second Amended Answer.
 {¶ 10} Appellee, in the July 5, 2006, Second Amended Answer, alleged, in relevant part, as follows:
 {¶ 11} "4. Defendant Frederic Smith and Plaintiff signed a `representation agreement' on February 11, 1999, wherein Plaintiff agreed to provide legal representation to Mr. Smith `in the case of: bucket truck breach of contract . . .' (Exhibit A).
 {¶ 12} "5. Plaintiff filed a Complaint in the Knox County Court of Common Pleas on April 22, 1999.
 {¶ 13} "6. Plaintiff filed a Motion for Leave to Withdraw as Mr. Smith's counsel on October 5, 2000. (Exhibit B).
 {¶ 14} "7. The court granted Plaintiff's Motion on October 27, 2000. (Exhibit C).
 {¶ 15} "8. Plaintiff, after withdrawing as counsel, and without Mr. Smith's permission, filed a Stipulation of Dismissal, dismissing Mr. Smith's claims, on November 3, 2000. (Exhibit D). *Page 5 
 {¶ 16} "9. Mr. Smith was harmed by Plaintiffs unauthorized appearance on his behalf. In order to pursue his tort action, Mr. Smith must hire another lawyer to repeat Plaintiffs work, and again pay filing fees to bring the action to court."
 {¶ 17} Following a bench trial, the trial court, pursuant to a Judgment Entry filed on July 7, 2006, awarded appellant judgment against appellee and Walpole, jointly and severally, in the amount of $1,000.00 plus interest at the rate of 6% per annum from July 7, 2006, and costs. The trial court also awarded appellant judgment against appellee in the amount of $4,000.00 plus interest at the rate of 6% per annum from July 7, 2006, and costs. Appellant, on July 11, 2006, filed a request for findings of fact and conclusions of law. The trial court filed its findings of fact and conclusions of law on July 11, 2006.
 {¶ 18} Appellant now appeals from the trial court's July 7, 2006, Judgment Entry, raising the following assignments of error:
 {¶ 19} "I. THE TRIAL COURT ERRED IN VACATING THE DEFAULT JUDGMENT AGAINST APPELLEE, FREDERICK PAUL SMITH.
 {¶ 20} "II. THE TRIAL COURT ERRED IN DENYING THE JURY DEMAND OF APPELLANT.
 {¶ 21} "III. THE TRIAL COURT ERRED IN GRANTING A JUDGMENT BASED UPON EVIDENCE LACKING CREDIBILITY.
 {¶ 22} "IV. THE TRIAL COURT ERRED IN DETERMINING AN AWARD FOR ATTORNEY FEES BY A MEANS OTHER THAN THE LODESTAR METHOD."
 {¶ 23} Appellee raises the following assignment of error on cross-appeal: *Page 6 
 {¶ 24} "I. THE TRIAL COURT ERRED IN FAILING TO APPLY A SETOFF FOR MALPRACTICE AGAINST THE JUDGMENT AWARDED TO PLAINTIFF-APPELLANT/CROSS-APPELLEE.
 I {¶ 25} Appellant, in its first assignment of error, argues that the trial court erred in vacating the default judgment against appellee. We disagree.
 {¶ 26} As is stated above, the trial court treated appellee's December 6, 2005, letter, in which appellee alleged that he had not been served, as a motion for relief from judgment pursuant to Civ. R. 60(B). In order to obtain relief from judgment pursuant to Civ. R. 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113.
 {¶ 27} Appellee's letter, however, alleges that he did not receive notice of the original complaint. A motion to vacate judgment pursuant to Civ.R. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void. Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941. Accordingly, the requirements of Civ.R. 60(B) do not apply where a party, such as appellee, attacks a judgment for want of personal jurisdiction. Dairyland Ins. Co. v. Forgus (1989), 58 Ohio App.3d 78,79, 568 N.E.2d 1232. Therefore, whether styled as a Civ.R. 60(B) motion or a motion to vacate, it is not necessary for appellee's letter/ motion to set forth a meritorious defense or for it to be timely filed since appellee *Page 7 
alleged in the same that he had not been served with the summons and complaint. Rite Rug Co., Inc. (1995), 106 Ohio App.3d 59, 63,665 N.E.2d 260, citing Patton, supra.
 {¶ 28} Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. State ex rel.Strothers v. Madden (Oct. 22, 1998), Cuyahoga App. No. 74547,1998 WL 741909, citing Holm v. Smilowitz (1992), 83 Ohio App.3d 757,615 N.E.2d 1047. There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. Id., citing In re Estate of Popp (1994),94 Ohio App.3d 640, 641 N.E.2d 739. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. Westmoreland v. Valley Homes Mutual Housing Corp. (1975),42 Ohio St.2d 291, 293-294, 328 N.E.2d 406.
 {¶ 29} In the case sub judice, the record indicates that summons and complaint were sent to appellee by ordinary mail after being returned unclaimed. The ordinary mail was never returned. Thus, service was presumed complete. Civ.R. 4.6(D) and Rafalski v. Oates (1984),17 Ohio App.3d 65, 477 N.E.2d 1212.
 {¶ 30} As is stated above, appellee, in his signed letter to the trial court indicated that he had not received "notice of the hearing." The trial court, in its February 1, 2006, Journal Entry filed the same day as the hearing on appellee's letter/motion, vacated the default judgment granted against appellee, finding that appellee had moved and had not received service of the summons and complaint. There is no transcript of the trial court's February 1, 2006, hearing on appellee's letter/motion. It is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, is filed with the court in which he seeks review. App.R. 9(B) and 10(A). *Page 8 
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Labs. (1980), 61 Ohio St.2d 197,400 N.E.2d 384. Because no transcript of the hearing was filed in this case which would reflect whether or not there was testimony or other evidence presented to the trial court as to whether or not appellee received service of the summons and complaint, we must presume the validity of the lower court's proceedings and affirm.
 {¶ 31} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 32} Appellant, in its second assignment of error, argues that the trial court erred in denying appellant's jury demand. We disagree.
 {¶ 33} Civ.R 38(B) states, in relevant part, as follows: Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action and not later than fourteen days after theservice of the last pleading directed to such issue." (Emphasis added).
 {¶ 34} Amended pleadings that do not introduce new issues do not renew the period within which a party may demand a jury trial. Ferguson v.Johnson (1984), 15 Ohio App.3d 143, 145, 473 N.E.2d 56, 58. The term "new issues" means "new issues of fact and not new theories of recovery." Id. When an amendment raises a new issue of law, not of fact, the trial court may properly strike a jury demand. Knoll Group Mgt. Co.v. Wolfe (June 28, 1994), Adams App. Nos. 93 CA 553, 93 CA 554,1994 WL 326347. *Page 9 
 {¶ 35} In the case sub judice, appellee filed an answer on February 27, 2006. Appellant filed a motion to strike the same pursuant to Civ.R. 11. Such rule states as follows: "Civ R 11 Signing of pleadings, motions, or other documents
 {¶ 36} "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document isnot signed or is signed with intent to defeat the purpose of this rule,it may be stricken as sham and false and the action may proceed asthough the document had not been served." (Emphasis added).
 {¶ 37} After appellant filed its motion to strike, appellee and Walpole filed a motion for leave to file an amended answer, agreeing that their February 27, 2006, answer did not comply with Civ. R. 11. A joint Amended Answer was filed by appellee and Vivian Walpole on May 15, 2006, and appellant, on May 22, 2006, filed a jury demand.
 {¶ 38} We concur with the trial court that the jury demand was untimely since it was not filed within fourteen days of the February 27, 2006, original answer. The trial *Page 10 
court, after appellee and Vivian Walpole filed a motion for leave to file an amended answer to comply with Civ.R. 11, granted them leave to do so. The amended answer, which did not contain any new issues and which was filed on May 15, 2006, reflected back to the date of the original answer which was filed on February 27, 2006. SeeFerguson, supra. Appellant was required to file its jury demand within fourteen (14) days of such date, but failed to do so.
 {¶ 39} Appellant's second assignment of error is, therefore, overruled.
 III, IV {¶ 40} Appellant, in its third assignment of error, argues that the trial court erred in granting a judgment based upon evidence lacking in credibility. Appellant, in its fourth assignment of error, argues that the trial court erred in determining an award of attorney fess by means other than the lodestar method. We disagree.
 {¶ 41} As is stated above, appellant, in its forth assignment of error, argues that the trial court erred in failing to use the lodestar method to determine the amount of attorney fees to which appellant was entitled.
 {¶ 42} The Ohio Supreme Court, in Bittner v. Tri-County Toyota,Inc. (1991), 58 Ohio St.3d 143, 569 N.E.2d 464 held that, when awarding reasonable attorney fees, the trial court should first calculate the number of hours reasonably expended on the case and then multiply that number by a reasonable hourly rate. The product of these two numbers is the "lodestar."
 {¶ 43} Once the trial court calculates the lodestar figure, the court may modify that calculation by application of the factors listed in DR 2-106(B). Bittner v. Tri-County Toyota, Inc., supra. These factors are: the time and labor involved in maintaining the *Page 11 
litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation. Id. at 145-146.
 {¶ 44} Moreover, a determination of whether to award attorney fees and the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court shall not interfere.Bittner, supra at 146.
 {¶ 45} However, we find that the lodestar method is not applicable. In the case sub judice, appellant filed a complaint on an account against appellee seeking legal fees. The lodestar method is applicable in cases where attorney fees are being assessed in favor of the prevailing party in a case. See, for example, Landmark Disposal, Ltd. v. Byler FleaMarket, Stark App. Nos. 2005CA00291 and 2005CA00294, 2006-Ohio-3935. We find that such method is not applicable in a case where an attorney sues his former client for collection of unpaid attorney fees.
 {¶ 46} Appellant further argues that the trial court erred in basing its judgment upon the testimony of appellee Frederick Paul Smith. Appellant specifically contends that appellee Smith was not a credible witness because he admitted that he had been *Page 12 
convicted on 23 felonies for theft-related offenses within ten (10) years of testifying in the case sub judice.
 {¶ 47} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1.
 {¶ 48} In the case sub judice, testimony was adduced that appellee Frederick Paul Smith hired appellant to represent him at the rate of $125.00 an hour. Appellee Frederick Paul Smith testified that he believed that the billing statements that he received from appellant did not accurately reflect the work that was done on his cases. He further testified he "calculated the hours myself and came up to over 73 hours to come up $9,000 Dollars, and I can't see Mr. Bringman spendin' more than 40 hours on [all of] my cases." Transcript at 71. When questioned by the trial court, appellee testified that he believed that his divorce case would cost him around $1,000.00.
 {¶ 49} The trial court clearly found appellee to be a more credible witness than appellant as is evidenced by the following language contained in the trial court's July 11, 2006 Journal Entry:
 {¶ 50} "Plaintiff [appellant] had the burden of proof in this matter. Neither party presented any independent evidence as to the extent of Plaintiff's legal representation of Defendant Frederick Paul Smith, or the reasonableness of Plaintiff's fees. The evidence was confusing, self servicing, and contradictory in most respects. The only evidence that the Court determined to be credible was the fact that Plaintiff was hired by Defendant Frederick Paul Smith to represent him in a variety of legal matters at the rate *Page 13 
of One Hundred Twenty-five and 00/100 Dollars ($125.00) per hour, and that Defendant Vivian Walpole, the mother of Defendant Frederick Paul Smith, agreed to guarantee Plaintiffs fees for the divorce of Defendant Frederick Paul Smith. By Defendant Frederick Paul Smith's own testimony, Plaintiff performed at least forty (40) hours of legal work for him, and Vivian Walpole was aware that legal fees for the divorce were likely to be One Thousand and 00/100 Dollars ($1,000.00). Forty (40) hours of work at One Hundred Twenty-five and 00/100 Dollars ($125.00) per hour equals Five Thousand and 00/100 Dollars ($5,000.00)."
 {¶ 51} While appellant argues that the trial court was required to award the full amount of fees listed in its billing statements, the trial court apparently found such bills confusing. At the hearing in this matter, William Bringman testified that his billing statements covered more than one case and that the cases were mixed together. Bringman further was unable to explain items on the billing statements because at times, he billed for two cases at once and could not distinguish between them. As noted by appellee, it was within the trial court's discretion to determine whether appellant's testimony about the billing statements was credible.
 {¶ 52} Appellant's third and fourth assignments of error are, therefore, overruled.
 CROSS-APPEAL {¶ 53} Appellee, in his sole assignment of error on cross-appeal, argues that the trial court erred in failing to apply a set off for malpractice to the judgment awarded to appellant.
 {¶ 54} As is stated above, appellee, in his July 5, 2006, Second Amended Answer alleged that appellant had committed malpractice by dismissing appellee's case *Page 14 
in November of 2000 without appellee's consent and after appellant had withdrawn as appellee's counsel.
 {¶ 55} R.C. 2305.11 sets forth a one-year statute of limitations for legal malpractice claims. The one-year statutory period begins to run upon the termination of the attorney-client relationship or the discovery of the alleged malpractice, whichever occurs later.Ladanyi v. Crookes Hanson Ltd., et al., Cuyhahoga App. No. 87888,2007-Ohio-540. In Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St.3d 54, 538 N.E.2d 398, the Ohio Supreme Court set forth the standard with respect to the statute of limitations for malpractice: "Under R.C.2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue its possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Id. at 58.
 {¶ 56} Because the statute of limitations had expired by the time the July 5, 2006, Second Amended Complaint was filed raising the alleged malpractice, we find that the trial court did not err in failing to apply a set-off.
 {¶ 57} Appellee's sole assignment of error on cross-appeal is, therefore, overruled.
 {¶ 58} Accordingly, the judgment or the Mount Vernon Municipal Court is affirmed.
Edwards, J., *Page 15 
Wise, P.J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant.
[1] Throughout this case, the spellings Frederick and Frederic are both used. *Page 1