[Cite as *Cascade Capital, L.L.C. v. Magyar*, 2020-Ohio-5029.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CASCADE CAPITAL, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28710 |
| | : | |
| v. | : | Trial Court Case No. 2019-CVF-1406E |
| | : | |
| ROBERT MAGYAR | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of October, 2020.

. . . . . . . . . . .

JEFFREY L. KOBERG, Atty. Reg. No. 0047386, 25651 Detroit Road, Suite 203, Westlake, Ohio 44145
        Attorney for Plaintiff-Appellee

ROBERT MAGYAR, 5503 Broomall Street, Huber Heights, Ohio 45424
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Robert Magyar, appeals pro se from a summary judgment granted to Plaintiff-Appellee, Cascade Capital, LLC ("Cascade"). According to Magyar, the trial court erred by granting Cascade a continuance of the trial and by failing to rule on various motions he had filed. Magyar also contends that he tried to file a jury demand but was unable to pay the $500 deposit.

**{¶ 2}** We conclude that the trial court's judgment must be reversed, due to Cascade's failure to attach appropriate documents to its summary judgment motion, as required by Civ.R. 56(C) and (E). Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

## I. Facts and Course of Proceedings

**{¶ 3}** On September 16, 2019, Cascade filed a complaint in the Montgomery County Municipal Court – Eastern Division, alleging that Magyar had defaulted on payment of a retail installment contract for an automobile and that he owed Cascade $6,298.50. Cascade attached to the complaint a retail installment agreement between Magyar and Cooke's Auto Sales. The amount financed was $6,932.54, and it was to be paid in 34 installments, with payments of $286.24 per month. Payments were to begin on July 16, 2015. The contract provided as part of its terms that it was assigned to GFC Lending LLC ("GFC").

**{¶ 4}** Magyar subsequently defaulted on his payments, and the car was repossessed in December 2016. According to the complaint, GFC sold its interest in the loan to Cascade in October 2017.

**{¶ 5}** After being served with the complaint, Magyar filed a pro se answer on

September 26, 2019. The court then scheduled a trial for December 23, 2019. *See* Notice of Assignment, Sep. 30, 2019. In the meantime, Cascade served interrogatories, a request for production of documents, and a request for admissions on Magyar. *See* Notice of Service, Oct. 22, 2019. On November 19, 2019, Cascade filed a request to continue the trial, based on trial counsel's preplanned vacation and the unavailability of Cascade's representative. The trial court granted the continuance and reset the trial for February 24, 2020.

{¶ 6} On December 6, 2019, Cascade filed a motion for leave to file summary judgment, and the court granted leave. The motion for summary judgment was then filed on December 10, 2019. However, Magyar did not respond to the motion, and the trial court granted summary judgment in favor of Cascade on January 15, 2020. Magyar timely appealed from the trial court's judgment on February 13, 2020.

II.

{¶ 7} Before we address the issues, we note that Magyar's appellate brief fails to specify any assignments of error for our review. Under App.R. 16(A)(3), the appellant's brief shall include a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." We have often said that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. *Accord Ransom v. Aldi, Inc.*, 2017-Ohio-6993, 95 N.E.3d 699, ¶ 22 (2d Dist.) In light of this principle, litigants who proceed pro se " 'cannot expect or demand special treatment from the judge, who is to sit as an

impartial arbiter.' " *Yocum* at ¶ 20, quoting *Kilroy v. B.H. Lakeshore Co.*,111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

{¶ 8} Nonetheless, in the interests of justice, we will consider Magyar's arguments. From what we can glean from the brief, Magyar appears to contend that the trial court erred in granting a continuance of the trial scheduled for December 23, 2019. He also appears to believe that the trial court and Cascade were potentially engaged in some sort of collusion to deprive him of due process by not answering his motions.

{¶ 9} In responding to Magyar's brief, Cascade notes that the record lacks any indication of motions filed by Magyar. Instead, the record contains only Magyar's answer and his notice of appeal. We agree.

{¶ 10} Cascade further argues that Magyar has not alleged any facts or circumstances that create a genuine issue of material fact, nor has Magyar set forth any basis upon which summary judgment in his favor was warranted. In addition, Cascade contends that the trial court's summary judgment decision was correct.

{¶ 11} Under settled law, "[a] trial court may grant a moving party summary judgment pursuant to Civ.R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist.1999), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 375 N.E.2d 46 (1978).

{¶ 12} A party seeking summary judgment has the initial " 'burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint,

there is no genuine issue of fact.' " *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988), quoting *Massaro v. Vernitron Corp.*, 559 F.Supp. 1068, 1073 (D.Mass.1983). "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include 'the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 13} The party opposing summary judgment then has a corresponding burden. That party "may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 14, citing Civ.R. 56(E).

{¶ 14} "We review decisions granting summary judgment de novo, which means that we apply the same standards as the trial court." *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.). Consequently, appellate courts do not defer to trial courts during summary judgment review. *Powell v. Rion*, 2012-Ohio-2665, 972 N.E.2d 159, ¶ 6 (2d Dist.), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 15} In reviewing the file, we noticed that Cascade did not file any materials that comply with Civ.R. 56(C). In its summary judgment motion, Cascade does refer to an affidavit labeled as Exhibit 1, but no such exhibit was attached. As a result, the only

documents before the trial court were the complaint and some exhibits, which contained hearsay and were not authenticated as would be required for purposes of summary judgment. *See* Evid.R. 801(C), Evid.R. 802, Evid.R. 803(6), and Civ.R. 56(E).

{¶ 16} Although Magyar did not file a response to the summary judgment motion, courts have held that "[e]ven if the nonmoving party fails completely to respond to the motion, summary judgment will only be proper where reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." *Swedlow, Butler, Inman, Levine & Lewis Co. v. Gabelman*, 10th Dist. Franklin No. 97APG12-1578, 1998 WL 400743, *3 (July 14, 1998), citing *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 202, 494 N.E.2d 1101 (1986). *Accord State ex rel. Dayton Legal News, Inc. v. Drubert*, 2d Dist. Montgomery No. 24825, 2012-Ohio-564, ¶ 7. Because we cannot come to a conclusion adverse to Magyar based on the incomplete state of the record, we reluctantly conclude that summary judgment in Cascade's favor was not warranted. Accordingly, this case must be reversed and remanded to the trial court for further proceedings.

{¶ 17} In light of the above discussion, Magyar's complaint about the continuance that was granted is moot. As to the attempted filing of a jury demand, "the right to a jury trial is not automatic. Civ.R. 38, patterned after Fed.R.Civ.P. 38, deals with civil jury trials and places the burden of requesting a jury trial on the parties to the lawsuit. The party who desires a jury trial must take affirmative action." *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 437, 763 N.E.2d 1169 (2002). Under Civ.R. 38(B), "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later

than fourteen days after the service of the last pleading directed to such issue."

{¶ 18} Civ.R. 7(A) defines "pleadings" as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Civ.R. 14; and a third-party answer, if a third-party complaint is served.   No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."   Therefore, the last pleading relevant to the timeline for filing a jury demand was Magyar's answer, which was filed on September 26, 2019. While Magyar's answer does not indicate when it was served, there is no record of a jury demand in the file, and no jury demand was made within the required time.

{¶ 19} According to Civ.R. 38(D), "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury."   Consequently, Magyar waived his right to a jury trial.  *See White v. Bannerman*, 5th Dist. Stark No. 2009CA00221, 2010-Ohio-4846, ¶ 62; *Ferguson v. Johnson*, 15 Ohio App.3d 143, 145, 473 N.E.2d 56 (12th Dist.1984).

{¶ 20} Even if Magyar had attempted to timely file a jury demand, Magyar's claims that he was unable to afford the jury fee deposit and that he was not informed verbally or in writing that he could apply for a waiver of the fee are without merit.   First of all, these matters are not of record.   The law is well established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."  *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 21} Furthermore, the website of the Montgomery County Clerk of Courts

provides a schedule of fees.   It also contains a link to a "Civil/Small Claims Fee Waiver Affidavit and Order" that can be filled out to request a waiver of fees.   See https://www.mcclerkofcourts.org/municipal-court-division/filing-costs-and-fees/,        and https://www.mcclerkofcourts.org/municipal-court-division/forms/   (both   accessed   on September 7, 2020).   This information is available to the public.


### III.   Conclusion

**{¶ 22}** Due to Cascade's failure to attach appropriate documents as required by Civ.R. 56(C) and (E), the judgment of the trial court is reversed, and this cause is remanded for further proceedings.


. . . . . . . . . . . . .


TUCKER, P.J. and HALL, J., concur.


Copies sent to:

Jeffrey L. Koberg
Robert Magyar
Hon. William C. Cox